

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-91,059-01

### EX PARTE TORRANCE A. HAYNES, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. 1568666-A IN THE 351ST DISTRICT COURT
### FROM HARRIS COUNTY

*Per curiam*.

## O P I N I O N

Applicant was convicted of exhibit firearm on campus or school bus and sentenced to three years' imprisonment. He did not file a direct appeal. Applicant filed this application for a writ of habeas corpus in the county of conviction, and the district clerk forwarded it to this Court. *See* TEX. CODE CRIM. PROC. art. 11.07.

Applicant contends that his conviction and sentence are void because the convicting court had no jurisdiction over the offense for which he was charged. Applicant alleges he was convicted of a third degree felony when a newly effective Senate Bill[1] made his charged conduct a

---

[1] 85th Legislature, 2017 Regular Session, House Bill 2880.

misdemeanor offense.  Based on the record, the trial court has determined that the convicting court lacked jurisdiction in this matter, pursuant to Tex. Code Crim. Proc. art. 4.07, Tex. Gov't Code §§ 25.1033, 26.045, and Tex. Const. art. V, sec. 16, which vests exclusive jurisdiction for misdemeanors with county courts at law.

Relief is granted.  The judgment in cause number 1568666 in the 351st District Court of Harris County is set aside, and Applicant is remanded to the custody of the Sheriff of Harris County to answer the charges as set out in the indictment.  The trial court shall issue any necessary bench warrant within ten days from the date of this Court's mandate.

Copies of this opinion shall be sent to the Texas Department of Criminal Justice–Correctional Institutions Division and the Board of Pardons and Paroles.

Delivered:      April 22, 2020
Do not publish